# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO. 1:12-CR-232 |
| v. | (Chief Judge Conner) |
| CHIMA NNEJI, | |
| Defendant | |

## ORDER

AND NOW, this 20th day of October, 2017, upon consideration of the motion (Doc. 114) to vacate, set aside, or correct the sentence imposed by this court on December 7, 2016 filed by defendant Chima Nneji ("Nneji") pursuant to 28 U.S.C. § 2255, and the court's order (Doc. 115) dated October 11, 2017, directing Nneji to complete the Notice of Election form attached thereto, and it appearing that Nneji completed the form (Doc. 116) and elected to have his motion construed and ruled upon under 28 U.S.C. § 2255, and the court having concluded that the motion was timely filed within the prescribed limitations period, (Doc. 115 (quoting 28 U.S.C. § 2255(f))), and it appearing that the court may dismiss a Section 2255 motion without requiring a response from the government or holding an evidentiary hearing "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief," Rule 4(b), RULES GOVERNING SECTION 2255 CASES; United States v. Delbridge, 504 F. App'x 145, 148 (3d Cir. 2012) (nonprecedential); see also United States v. Bendolph, 409 F.3d 155, 165 n.15 (3d Cir. 2005), and it appearing that Nneji asserts counsel was ineffective for failing to raise the issue of acceptance of responsibility during the

sentencing proceeding, (Doc. 114 at 4), but the court noting that the presentence report recommended a three-level reduction for acceptance of responsibility, (Doc. 74 ¶¶ 27-28), the government did not oppose the recommendation, and the court adopted the presentence report in full at the sentencing hearing, (Doc. 90 at 1), such that Nneji received the exact relief requested in his instant motion,[1] and the court concluding that Nneji therefore cannot establish that but for counsel's perceived errors the outcome of the sentencing proceeding would have been different resulting in prejudice, see Strickland v. Washington, 466 U.S. 668, 694 (1984), it is hereby ORDERED that:

1. Nneji's motion (Doc. 114) to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 is DENIED.

2. A certificate of appealability is DENIED. See Rule 11(a), RULES GOVERNING SECTION 2255 CASES.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania

---

[1] The court separately observes that by virtue of the applicable statutory maximum sentence of five years (60 months), see 18 U.S.C. § 371, and the government's motion pursuant to U.S.S.G. §5K1.1 for downward departure in light of Nneji's substantial assistance to law enforcement, (see Doc. 85), the sentence was further reduced from the otherwise applicable Guidelines range of 70 to 87 months' imprisonment with acceptance of responsibility credit, (Doc. 74 ¶¶ 29, 32, 48) to a sentence of 45 months' imprisonment. (Doc. 89 at 2).